JULIUS MENKEN ET AL. v. SAMUEL FRANK ET AL.

OBITER DICTUM. *Opinion as to rights of parties. Case in judgment.*
   M. brought an action at law against F. upon a bond given in a proceeding to
   enjoin a sale under a deed of trust executed by F. for the benefit of M. The
   bond was conditioned for the payment of the debt enjoined, instead of the
   damages and costs which the obligee might sustain by the wrongful suing out
   of the injunction, in case it should be dissolved, as provided by the statute.
   The breach declared on was of the condition to pay the debt upon dissolution
   of the injunction. This court held that, as such condition was not authorized
   by law, the obligee could not recover according to the terms thereof, but only
   to the extent that he would have been entitled to recover if the bond had
   been conditioned, as provided by the statute, for the payment of damages
   and costs; and that he could not recover at all in a court of law, but his
   remedy was in a court of chancery. Thereupon M. filed a bill in chancery to
   recover on this bond. The Chancery Court sustained a demurrer to the bill,
   and on appeal to this court it was contended that the expression of this court
   declaring M. entitled to recover in chancery was *obiter dictum*, and not bind-
   ing authority. *Held,* that the announcement which is attacked as *obiter
   dictum* was necessary to express the opinion of the court as to the rights of
   the parties and the extent of the power of a court of law in an action upon
   the bond, and therefore it was not *obiter dictum*.

APPEAL from the Chancery Court of Marshall County.

Hon. A. B. FLY, Chancellor.

The case is stated in the opinion of the court.

No brief was filed for the appellants.

*E. M. Watson*, counsel for the appellants, argued the case
orally.

*Featherston & Harris*, for the appellees.

The appellants hang their hopes of success in this case on
the merest *obiter dictum*, thrown out by this court at the close
of its opinion in the action at law brought by the appellants
against the appellees on this identical injunction-bond. See
*Menken et al.* v. *Frank et al.*, 57 Miss. 732. In that case
the action was brought at law on this same bond, and the
breaches assigned were on the condition for the payment of
the debt, which condition was unauthorized by statute, illegal,
and void. The defence was set up that the condition declared
on was voluntary and void — without consideration. That
question, and that alone, was presented by the record for the

decision of this court. This court decided that the condition declared on was voluntary and void, and that no recovery could be had on it; and it decided, further, that the insertion of this unauthorized condition in the bond did not vitiate the other conditions or provisions in it which were in accord with the requirements of the statute. But the opinion of the court closes with this sentence: "The plaintiffs, being unable to recover on the bond at law, may resort to a court of chancery, and there recover to the same extent they would have been entitled to recover on the bond at law if it had been conditioned as prescribed by the statute." Now, we insist that the above sentence was foreign to the question before the court, and constitutes no part of its decision. It is simply *obiter dictum.* When a decision is invoked as authority in another case, the facts of the case in which the decision was rendered are also invoked with it, and the decision becomes the law of that given state of facts, and of no others. The decision must always rest on and be confined to the facts of the case in which it is rendered. The facts of the case now before this court were not before the court when it rendered its decision in the action at law.

The general language of this court in the opinion referred to must be construed with reference to the facts in that particular case, and when so construed, the sentence closing the opinion will be found to have no force or effect in this case. *Bell* v. *Tombigbee R. Co.,* 4 Smed. & M. 549; *Buckingham* v. *Bailey,* 4 Smed. & M. 538; *Paps* v. *McRea,* 4 Geo. 143; *Garnett* v. *Cowles,* 10 Geo. 60.

*W. S. Featherston,* of counsel for the appellees, made an oral argument.

GEORGE, J., delivered the opinion of the court.

The controversy involved in this case was before us at the April term, 1880. See 57 Miss. 737. At that term it was on a writ of error to the Circuit Court of Marshall County to revise a judgment at law sustaining a demurrer to the dec-

laration on the injunction-bond now sued on in equity.    This
bond contained a stipulation to pay the debt enjoined,
instead of to pay the damages and costs which the obligees
might sustain by reason of the wrongful suing out of the
injunction, in case it should be dissolved.    The stipulation in
the bond was inapplicable to the debt enjoined, as the in-
junction was against a sale of property under a deed in trust,
and not against proceedings at law.    The defendants in error
in that case insisted that the stipulation for the payment of
the debt was void, because it was not authorized by law;
and the plaintiff in error insisted that the injunction granted
was a good consideration for the injunction-bond, and that, as
the obligors had voluntarily inserted a stipulation not required
by law, in lieu of the required stipulation, which was omitted,
and the obligees had accepted the bond, the obligors were
bound by it.    The court did not agree with either view, but
reached the conclusion that, in so far as the stipulation inserted
might authorize a recovery in excess of what would have been
allowed in case the bond was made in accordance with the
statute, as to the excess only it was without consideration,
and not enforceable.    Under this view, the obligees had a
bond which, in its terms, bound the obligors to pay the whole
debt.    This recovery, we held, could not be had to that ex-
tent, but only to the extent that damages had actually been
sustained.    In a court of law it was obviously impossible to
aver, as a breach of the stipulation to pay the debt, that
the obligees had suffered damages in the payment of attor-
neys' fees, and in depreciation of the property, and the like.
They could only aver that the obligors had failed to pay the
debt.    It hence followed that in a court of law the obligee
could not recover to the extent that we had held he was
entitled to.    We expressed this view then, and, further, that
the obligee's recovery was in equity.    It is now suggested that
this last opinion was mere *obiter dictum*, and not binding as
authority.    We do not agree with this view.    The opinion on
this point was necessary to express the opinion of the court

on the rights of the parties, and was the necessary result of what we had held as to their rights under the bond and the extent of the power of a court of law. But if it was a mere *obiter dictum*, and therefore not authority, we now, upon a re-examination of the question, reach the same conclusion, and therefore direct a reversal of the decree sustaining a demurrer to the bill in equity, with leave to the appellees to answer within sixty days from the filing of the mandate in the clerk's office in the court below.